Citation Nr: 1508849 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 07-12 399 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUES

1. Entitlement to service connection for a sinus condition, to include as due to in-service facial trauma.

2. Entitlement to service connection for headaches, to include as due to in-service facial trauma and/or a sinus condition.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

James G. Reinhart, Counsel



INTRODUCTION

The Veteran served on active duty from April 1975 to February 1980.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a March 2006 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri.

In November 2007, the Veteran submitted a notice of disagreement with the effective date assigned to his grant of entitlement to service connection for PTSD, and requested an effective date of May 16, 2001. In a June 2008 Decision Review Officer decision, an effective date of May 16, 2001 for his initial 10 percent rating for PTSD. As this decision provided the remedy sought by the Veteran, his appeal was granted in full, and the RO did not err in failing to provide a Statement of the Case. 

The Board denied this appeal in a May 2013 decision. The Veteran appealed that decision to the U.S. Court of Appeals for Veterans Claims (Court). In a September 2014 decision, the Court vacated the Board's decision and remanded the matter to the Board for further proceedings consistent with the Court's decision. 

The issue of entitlement to a total disability rating based on individual unemployability due to service-connected disability has been raised by the record in VA Forms 21-526 and 21-8940 submitted in January 2015, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014). 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.




REMAND

In the September 2014 decision, the Court determined that the November 2012 VA addendum opinion relied on by the Board was not adequate. In the following paragraphs, the Board relates what the Court found problematic in the medical opinion evidence. This the Board does in an effort to avoid further delays by a repeat of the deficiencies of the kind noted by the Court. 

Service treatment records document that the Veteran complained of "head and chest congestion" and "headaches" in August 1977 and was diagnosed with "coryza." November 1977 service treatment records document that he suffered several facial contusions, a small laceration on the interior labia, and small facial abrasions following an in-service assault. In October 2005, the Veteran filed a claim of entitlement to service connection for facial trauma and a sinus condition. The AOJ denied the claim and the Veteran appealed to the Board. 

In September 2010, the Board remanded this case for VA to provide a compensation and pension (C&P) examination. The examination was provided in October 2010 and the case was returned to the Board. In October 2012, the Board again remanded the claim, this time to obtain an addendum medical opinion. The October 2010 VA examiner provided an addendum opinion in November 2012 and the case was again returned to the Board. 

The November 2012 addendum opinion did not comply with the Board's October 2012 remand instructions because the examiner failed to offer an opinion, with supporting rationale, as to whether the Veteran's headaches are related to his November 1977 in-service assault. 

Additionally, although the examiner opined that the headaches that the Veteran suffered from in August 1977 were due to the common cold, she failed to provide any opinion as to whether it is at least likely as not that the Veteran's currently claimed headache condition is related to service, specifically to the November 1977 assault. The examiner also failed to offer an adequate supporting rationale for her opinion that the appellant's "sinus condition is not caused by or a result of the facial trauma that occurred while in the military." 

Finally, the Court rejected the Board's May 2013 determination that the examiner found that the Veteran's tobacco use, nasal cocaine use, and nasal allergies were the more likely cause of his sinus condition. The Court explained that the examiner did not do so, but rather focused on the August 1977 symptoms and opined that the sinus condition that he had in August 1977 was due to the common cold. 

Because it has insufficient medical evidence to decide this case, the Board must remand it to the AOJ so VA can meet its duty to assist the Veteran in obtaining evidence to substantiate his claims. Specifically, VA must provide an adequate examination and opinion. Given the history of the case, the Board requires that the examination and opinion be provided by an examiner who has not previously examined the Veteran. 

Accordingly, the case is REMANDED for the following action:

1. Ensure that the Veteran is scheduled for a VA examination by an examiner who has not previously examined him. The entire claims file must be reviewed by the examiner in conjunction with the examination and the examiner must provide medical opinions a described in (a) and (b). The examiner is cautioned that there have been previous VA medical opinions in this case but those opinions have been found by the U.S. Court of Appeals for Veterans Claims to be inadequate. Therefore, the examiner should take care in providing clear opinions supported by rationale, i.e., explanations as to why the examiner arrived at whatever opinions he or she expresses. The examiner is asked to accomplish the following: 

(a) Provide an opinion as to whether it is at least as likely as not (a 50 percent probably or greater) that any current sinus condition is related to: (i) The in-service facial and head trauma suffered in November 1977 or (ii) the August 1977 complaints of chest congestion, headaches, and post-nasal drip, and diagnosed coryza. 

(b) Provide an opinion as to whether it is at least as likely as not (a 50 percent probably or greater) that any current chronic headaches are related to: (i) The in-service facial and head trauma suffered in November 1977 or (ii) the August 1977 complaints of chest congestion, headaches, and post-nasal drip, and diagnosed coryza, and expresses, or (iii) a current sinus condition. 

2. This is a complex case from the Veterans Court. The AOJ must review the examination report in light of the narrative portion of this Remand as well as the discussion provided by the U.S. Court of Appeals for Veterans Claims in its September 2014 decision. If any opinion provided by the examiner is deficient, the AOJ must take immediate corrective action. 

3. Then readjudicate the claims on appeal. If any benefit sought is not granted, provide the Veteran and his representative with a supplemental statement of the case and allow an appropriate opportunity to respond thereto before returning the case to the Board, if otherwise in order. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
JOHN J. CROWLEY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).